IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| INTRICON CORP., PHILIP L. SMITH, | : SECURITIES EXCHANGE ACT OF 1934 |
| NICHOLAS A. GIORDANO, MARK | : |
| GORDER, RAYMOND HUGGENBERGER, | : |
| SCOTT LONGVAL, KATHLEEN PEPSKI, | : |
| and HEATHER RIDER, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On February 27, 2022, Intricon Corp. ("Intricon" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by IIN Holding Company LLC ("IIN") and IC Merger Sub Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Intricon's stockholders will receive $24.25 in cash per share.

3. On April 12, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.  Plaintiff is and has been continuously throughout all relevant times the owner of Intricon's common stock. Plaintiff resides in this District.

9.  Defendant Intricon is a Pennsylvania corporation. Intricon's common stock is traded on the NASDAQ under the ticker symbol "IIN."

10. Defendant Philip L. Smith is Chairperson of the Board of Directors of Intricon (the "Board").

11. Defendant Nicholas A. Giordano is a member of the Board.

12. Defendant Mark Gorder is a member of the Board.

13. Defendant Raymond Huggenberger is a member of the Board.

14. Defendant Scott Longval is President, Chief Executive Officer, and a member of

the Board.

15. Defendant Kathleen Pepski is a member of the Board.

16. Defendant Heather Rider is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. Intricon is a Joint Development Manufacturer that integrates components and assemblies to advance micro-medical technology across a range of device platforms for global customers.

19. On February 27, 2022, Intricon entered into the Merger Agreement.

20. The press release announcing the Proposed Merger provides as follows:

**Intricon Corporation (NASDAQ: IIN)**, an international joint development manufacturer engaged in designing, developing, engineering, manufacturing, and packaging miniature interventional, implantable and body-worn medical devices, today announced that it has entered into a definitive agreement whereby an affiliate of Altaris Capital Partners, LLC (collectively with its affiliates, "Altaris"), an investment firm focused exclusively on the healthcare industry, will acquire the company. Under the terms of the agreement, Altaris will acquire all outstanding shares of Intricon for $24.25 per share in a transaction that values Intricon at an equity value of approximately $241 million. The purchase price represents a meaningful premium of approximately 39% to Intricon's closing stock price on February 25, 2022.

"We are excited to enter into this transaction with Altaris, which will deliver a compelling valuation to our shareholders and enable us to accelerate the advancement of our joint development manufacturing capabilities in micromedical technology across a broad range of high growth markets," said Scott Longval, President and Chief Executive Officer. "Our team has done an outstanding job of establishing Intricon as the partner of choice for companies that are bringing truly advanced technology to medical devices. As we enter the next chapter for our company, we believe that Altaris is the ideal partner to help us further advance our mission."

**Transaction Details**

Under the terms of the agreement, Intricon shareholders will receive $24.25 in cash for each share of Intricon common stock they own. The transaction has fully committed financing from funds affiliated with Altaris.

Intricon's Board of Directors has unanimously approved the merger agreement with Altaris and recommends that Intricon shareholders approve the proposed merger and merger agreement. Intricon expects to hold a Special Meeting of Shareholders to consider and vote on the proposed merger and the merger agreement as soon as practicable after the mailing of the proxy statement to its shareholders. The transaction is expected to close in the second quarter of 2022, subject to customary closing conditions, including approval by Intricon shareholders and receipt of regulatory approvals. Upon completion of the transaction, Intricon will become a private company and Intricon shares will no longer be listed on any public market.

Under the terms of the merger agreement, Intricon may solicit superior proposals from third parties for a period of 35 days continuing through April 3, 2022, and in certain cases for a period of 45 days continuing through April 13, 2022. In accordance with the merger agreement, Intricon's Board of Directors, with the assistance of its advisors, intends to solicit superior proposals during this period. In addition, Intricon may, at any time, subject to the provisions of the merger agreement, respond to unsolicited proposals that are reasonably likely to result in a superior proposal. Intricon will have the right to terminate the merger agreement with Altaris to enter into a superior proposal subject to the terms and conditions of such agreement. There can be no assurance that the solicitation process will result in a superior proposal or that any other transaction will be approved or completed. Intricon does not intend to disclose developments with respect to this solicitation process unless and until its Board of Directors determines such disclosure is appropriate or is otherwise required.

**Transaction Advisors**

Piper Sandler & Co. is serving as exclusive financial advisor to Intricon and Blank Rome is acting as legal counsel. Schiff Hardin LLP and Linklaters LLP are acting as legal counsel to Altaris.

21. On April 12, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

22. The Proxy fails to disclose material information regarding Intricon's financial projections, specifically: the line items underlying the financial projections.

23.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

24.     The Proxy fails to disclose material information regarding the financial analyses conducted by Piper Sandler & Co. ("Piper Sandler").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25.     Regarding Piper Sandler's Selected Public Companies Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by Piper Sandler.

26.     Regarding Piper Sandler's Selected M&A Transactions Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by Piper Sandler.

27.     Regarding Piper Sandler's Discounted Cash Flows Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Piper Sandler; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Piper Sandler; and (iii) the net debt and fully-diluted shares utilized by Piper Sandler.

28.     Regarding Piper Sandler' Premiums Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Piper Sandler; and (ii) the premiums paid in the transactions utilized by Piper Sandler.

<u>Banker Engagement</u>

29. The Proxy fails to disclose material information regarding Piper Sandler's engagement, specifically: (i) whether Piper Sandler has conducted prior services for Intricon and/or its affiliates; (ii) the timing and details of any prior services; and (iii) the fees received or to be received by Piper Sandler for providing any prior services.

**COUNT I**

**Claim Against the Individual Defendants and Intricon for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Intricon is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Intricon within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Intricon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 20, 2022               **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*